UNITED STATES DISTRICT COURT
OF THE
MIDDLE DISTRICT OF NORTH CAROLINA

| BRADY D. STUBBS | ) | CIVIL DOCKET NUMBER: |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

COMES NOW Plaintiff, Brady D. Stubbs, by and through his attorneys, Daniel R. Francis, and Timothy A. Sheriff of the firm Crumley Roberts, LLP for his Complaint against the Defendant, Norfolk Southern Railway Company (hereinafter "Norfolk Southern"), states:

1. The Plaintiff is informed, believes, and therefore alleges that Defendant, Norfolk Southern, is now and was at all times hereinafter mentioned, a foreign corporation duly organized and created with a principal place of business in Norfolk, Virginia, authorized and conducting business in Linwood, Davidson County, North Carolina and was at all times hereinafter mentioned a common carrier in interstate transportation and commerce by railroad. Defendant can be served at it registered agent who is Corporation Service Company located at 327 Hillsborough St., Raleigh, NC 27603.

2. At all times pertinent hereto Plaintiff resided in Gold Hill, North Carolina.

3. At all times pertinent hereto Plaintiff's home terminal was Linwood Railroad Yard, Linwood, Davidson County, North Carolina.

4. At all times pertinent hereto, Plaintiff was employed by Defendant as a utility brakeman and was engaged in the furtherance of Defendant's business interests and movement of freight in interstate and foreign commerce within the meaning of the Federal Employers' Liability Act, 45 U.S.C. §51-60.

5. The respective rights and remedies of the Plaintiff and Defendant are controlled by the Federal Employer's Liability Act, 45 U.S.C. §51-60 in that Plaintiff was an employee of the Defendant whose job duties closely and substantially affected interstate commerce at the time of the injuries alleged herein.

6. That Plaintiff was employed by Defendant as a utility brakeman and at times as a Locomotive Engineer from approximately 1999 to the present, and his work substantially affected interstate commerce.

7. That on or about April 30, 2017 while employed as a utility brakeman for Defendant Norfolk Southern, and during the course of his employment as a utility brakeman for Defendant Norfolk Southern in Linwood, North Carolina, Plaintiff was lining a switch, as instructed and trained by Defendant, for the

forwarding track and during the physical procedure to move the switch the handle in its descending movement suddenly stopped, stuck in that position and would not move. At that moment, Plaintiff felt a pop in his left shoulder followed by immediate pain and limitation in his left shoulder, arm, and neck.

8. The Norfolk Southern Linwood railroad yard rail switch was defective, unsafe, inefficient, unsafely maintained and therefore in violation of Federal Railroad Administration ("FRA") regulations.

9. Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts and/or omissions of the Defendant or their officers, employees or agents in one or more of the following:

   a. Defendant failed to provide Plaintiff with a reasonably safe place to work;

   b. Defendant failed to provide reasonably safe conditions for work;

   c. Defendant failed to provide reasonably safe methods of work;

   d. Defendant failed to provide a properly maintained and efficient track switch;

   e. Defendant failed to safely maintain its yard switch;

   f. Defendant failed to warn Plaintiff;

   g. Defendant failed to provide adequate help or training; and/or

   h. Defendant failed to comply with FRA regulations for maintenance of its switch.

  i. Defendant failed to comply with 49 C.F.R. 213.7 requiring Defendant to have a qualified employee to perform track inspections and maintain the required records documenting the Defendants compliance with FRA Regulations: and/or

  j. Defendant failed to comply with 49 C.F.R. 213.13 and take into account the amount of movement when the rail is loaded and the train is on the track when making its measurements to ensure the switch was reasonably safe and worked as intended which constitutes negligence per se and prohibits any fault of plaintiff from reducing the verdict.; and/or

  k. Defendant failed to comply with 49 C.F.R. 213.103 as the switches ballast was not structurally solid and did not have adequate drainage which contributed to the switches failure and constitutes negligence per se and prohibits any fault of plaintiff from reducing the verdict.; and/or

  l. Defendant failed to comply with 49 C.F.R. 213.135 as the switch stand and connecting road were not securely fastened and operable without excessive lost motion which constitutes negligence per se and prohibits any fault of plaintiff from reducing the verdict.

10. Defendant knew, or, in the exercise of proper diligence, should have known of the likelihood of injury from the foregoing acts and/or omissions.

11. As a result, in whole or in part, of the aforementioned conduct of the Defendant, Plaintiff has suffered serious painful and permanent injuries to his left shoulder, his neck with radiating pain into the arm; severe neck injury including herniated discs, and was caused to undergo cervical neck surgery including a multiple level fusion and disc replacement, medical treatment, injections,

diagnostic tests, therapy, MRI's and x-rays and will require future medical treatment.

12. Plaintiff is at significant risk of further neck injury including nerve damage, spinal cord compression, continued radiating pain and limitations and is disabled being rendered unable to return to his tradecraft or other industrial labor.

13. Plaintiff has lost past and future wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and will be caused to expend further such sums for future medical treatment, and possibly surgery.

14. Plaintiff earned significant wages and benefits while working for the Railroad, and as a result the railroads negligence has lost yearly wages in excess of $75,000.00, and the benefit off all future wage increases, he has lost health and welfare benefits in excess of $20,000.00 per year for him and his family, lost 401k contributions and contributions towards his Railroad Retirement Board retirement annuity. Damages exceed $ 1,900,000.00.

15. Plaintiff has suffered great economic damages. Plaintiff is no longer able to enjoy his tradecraft, has suffered great physical and mental injuries, has struggled with the limitations placed on him, has struggled with the mental anguish

caused by the injuries and his inability to do the hobbies, work and vocation he enjoyed and was satisfied performing.

16. Plaintiff has suffered pain and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, Brady D. Stubbs, prays for Judgement against the Defendant Norfolk Southern for a sum fair and reasonable under the circumstances, together with his costs herein expended and for other such relief as the Court shall deem just and proper.

Respectfully submitted May 21, 2018.

/s/ Daniel R. Francis
Daniel R. Francis #44131
/s/ Timothy A. Sheriff
Timothy A. Sheriff #49516
*Attorneys for Plaintiff*
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, N.C.  27406
Tel: (336) 333-9899
DRFrancis@CrumleyRoberts.com
TASheriff@CrumleyRoberts.com